UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br> AS BROADCAST LICENSEE OF THE <br> JUNE 10, 2006, <br> HOPKINS/TARVER EVENT, <br><br> *Plaintiff*, <br><br> v. <br><br> 6224 RICHMOND JOINT VENTURE, INC. , <br> INDIVIDUALLY AND d/b/a DREAMS OF HOUSTON <br> a/k/a DREAMS NIGHT CLUB; <br><br> AND <br><br> THOMAS STITH II, INDIVIDUALLY AND d/b/a <br> DREAMS OF HOUSTON a/k/a DREAMS NIGHT <br> CLUB <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-09-1784 |

**ORDER AND FINAL JUDGMENT**

Pending before the court is plaintiff J&J Sports Productions, Inc.'s motion for summary judgment. Dkt. 22. Upon consideration of the motion, the record, and the applicable law, the motion is GRANTED for two reasons.

First, under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S. D. TEX. LOC. R. 7.4. The pending motion has been ripe for longer than the 20 day submission deadline. *Id.* at 7.3. Therefore, the court deems the motion unopposed.

And second, since the plaintiff met its initial burden on summary judgment of demonstrating an absence of a genuine issue of material fact on the plaintiff's claim for violations of the Federal Communications Act, 47 U.S.C. §§ 553 and 605, the burden shifted to the defendants to come forward

with "specific facts showing that there is a genuine issue for trial" on those issues. FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). By not responding to the motion for summary judgment against him, the defendants have failed to meet his burden. Therefore, summary judgment is appropriate, and the motion is GRANTED.

Defendants are enjoined from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act. Additionally, the plaintiff is awarded $10,000 in statutory damages; $5,000 in additional damages; attorneys' fees in the amount of $1,500; and post-judgment interest at a rate of 0.39%. Furthermore, the plaintiff is entitled to recover the following conditional awards of attorneys' fees from the defendant in the following circumstances:

- a. Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;
- b. Fifteen Thousand Dollars ($15,000.00) in the event defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;
- c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;
- d. Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the judgment obtained in this action; and

e. Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

This is a FINAL JUDGEMENT.

Signed at Houston, Texas on May 17, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY